## PATE, tax-collector, *v.* FOSS *et al.*

This case came before this court upon a writ of error from the superior court of Chatham County; and the same being for decision by a full bench of six Justices, who are evenly divided in opinion, Russell, C. J., and Atkinson and Hill, JJ., favoring an affirmance, and Beck, P. J., and Gilbert and Hines, JJ., favoring a reversal, the judgment of the court below stands affirmed by operation of law.

No. 3745. FEBRUARY 16, 1924.

Injunction. Before Judge Meldrim. Chatham superior court. April 18, 1923.

I. I. Foss and others filed their petition against George T. Pate, tax-collector of Chatham County, and prayed for an injunction restraining him from issuing a tax execution against each of them

for the sum of $200 as a special license tax as bondsmen for signing bonds and recognizances in that county, under section 27 of the general tax act passed by the General Assembly of Georgia in the year 1921 (Acts 1921, p. 45), this section being as follows: "27th. Bond Makers. Upon each person, firm, or corporation engaged in the business of procuring or signing bonds, or depositing collateral in lieu of bonds for compensation, except duly authorized bonding companies and duly authorized officers of this State who are required to give bond to qualify as such officers, $200.00 in each county." Petitioners allege that the business of signing bonds is a useful occupation, both to those who are arrested and to the State and community at large; that a city tax of $100 is charged; and that a State tax of $200 for the business they do is exorbitant and prohibitive. The constitutionality of the section above quoted is attacked on the ground that it provides for a tax of $200 in each county against all persons engaged in the business of signing bonds, except duly authorized bonding companies, and thus contravenes the due-process and equal-protection clauses of the fourteenth amendment to the constitutions of the State and the United States, and the clause of the State constitution providing for uniformity of taxation (art. 7, sec. 1, par. 1; Civil Code § 6553). The section is further specifically attacked as null and void for the following reasons: (*a*) It exempts from the operation of said tax bonding companies, and places the burden of the taxation for the same class and character of business upon others engaged therein, and thus is in contravention of art. 7, sec. 2, par. 1, of the constitution, which provides that "All taxes shall be uniform upon the same class of subjects," for it excepts bonding companies from the tax. (*b*) It creates a monopoly in favor of bonding companies operating in the State, and is a discrimination in their favor against the plaintiffs, contrary to the provisions of art. 1, sec. 1, par. 2, of the constitution, which provides that "Protection to person and property is the paramount duty of government, and shall be impartial and complete," because the high tax imposed is not impartial, since it exempts bonding companies. For the same reason it is contrary to art. 1, sec. 4, par. 1, which provides in part that "Laws of a general nature shall have uniform operation throughout the State," because the tax does not have uniform operation throughout the State, for it does not operate uniformly upon bond-

ing companies and others engaged in the same business. For the same reason it is violative of the fourteenth amendment to the constitution of the United States, which provides in part that "No State shall make or enforce any law which shall . . deny to any person within its jurisdiction the equal protection of the laws," in that the tax does not apply equally to bonding companies and others engaged in the same business. (c) It is prohibitive in that it requires for each county a tax so large that persons who would engage in the business are unable to pay the license taxes, and for that reason is violative of art. 1, sec. 1, par. 1, of the constitution, which provides that "No person shall be deprived of life, liberty, or property except by due process of law," in that the tax imposed is prohibitive. And for the same reason the tax is violative of the due-process clause of the constitution of the United States. In his answer the collector admits that he has assessed the tax, and claims authority to assess the same as set forth in the petition. He denies that the business of the petitioners is a useful one, and that the act is unconstitutional for any of the reasons urged against it. "Further answering, this defendant says that said act is constitutional, valid, and effective, and not subject to the attack made on the same as being unconstitutional, as the legislature of the State of Georgia has full power and authority to classify persons who engage in various occupations and to require such persons to pay such specific tax for said occupation as to the legislature may seem proper and fit." The plaintiffs offered testimony to show that the four plaintiffs are the only ones against whom the tax has been assessed in Chatham county, Georgia; and that they earn an average of $500, $500, $400, and $300 per year respectively.

Upon the hearing the trial judge rendered the following opinion and order: "Foss and others, averring themselves to be engaged in the business of procuring or signing bonds, charge that Pate, tax-collector, has assessed against each of them, and threatens to issue executions against each of them, for $200 as a special tax. The defendant bases his right to assess and collect on general tax act 1921, p. 45. Under paragraph 27 of this act, each person, firm, or corporation engaged in the business of procuring or signing bonds, etc., is required to pay $200, 'except duly authorized bonding companies.' This paragraph is attacked by the plaintiffs on various grounds, as being unconstitutional and void. Unless the

unconstitutionality of the paragraph is clear and palpable, the paragraph should be held good. A tax is levied on a person, firm, or corporation, but is not levied on a duly authorized bonding company. The business done is precisely the same. To levy a tax on a person, firm, or corporation, and to exempt a bonding company from taxation, is a clear discrimination and a palpable violation of article 1, sec. 1, par. 2, of the constitution of this State, which provides that protection shall be impartial and complete. It is no answer to say that these bonding companies had been taxed under a preceding tax act (1918, p. 80) one per cent. on their gross premiums received. It is sufficient to know that they are not taxed under the act of 1921, and this exclusion creates a discrimination which rendered the 27th par. of the act of 1921 unconstitutional and void. I do not think it necessary to pass on the other grounds. Let the temporary injunction be granted." To this order the defendant excepted.

*G. W. Owens,* for plaintiff in error.

*D. S. Atkinson,* contra.

RUSSELL, C. J. (After stating the foregoing facts.) The question in this case concerns the constitutionality of § 27 of the tax act of 1921 (Acts 1921, p. 45). By this section there is imposed "Upon each person, firm, or corporation engaged in the business of procuring or signing bonds, or depositing collateral in lieu of bonds for compensation, except duly authorized bonding companies and duly authorized officers of this State who are required to give bond to qualify as such officers, $200.00 in each county." It is argued that bonding companies engaged in the same business as those who are taxed under § 27 of the act are relieved from payment of any tax, and that thereby the petitioners, defendants in error, are subjected to unjust discrimination, thereby contravening the due-process and equal-protection clauses of the fourteenth amendment to the constitution of the United States, as well as art. 7, sec. 1, par. 1, of the constitution of Georgia, providing for uniformity of taxation. The learned trial judge, as we think correctly, sustained this contention of the defendants in error.

Prior to the passage of the act of 1921, supra, there was a provision (Acts 1918, p. 80, sec 12), by which all guaranty companies or surety associations engaged in the business of furnishing bonds were required to pay "one per cent. of all premiums

. . received by them." The contention is that since the passage of the tax act of 1921, the companies referred to are entirely relieved from the payment of any taxes upon an occupation identical with that in which the petitioners are engaged, and that by reason of this there is a discrimination against the petitioners and against such business in which they are engaged.

The power of classification conferred upon the General Assembly must be uniform, and the effect of the provisions of section 27 of the act of 1921, supra, whereby bonding companies are relieved from any taxation is to render unconstitutional and void the provisions of that section whereby other persons engaged in the business of making and signing bonds are subjected to an annual tax of $200 in each county in which they conduct such business. As held in *Wright* v. *Hirsch,* 155 *Ga.* 229 (116 S. E. 795), the General Assembly is clothed with full power to classify, and, in classifying, to fairly adjust the burden of taxation upon the several classes, even of those who may be engaged in the same business, but it is not within the power of the General Assembly arbitrarily to place unequal burdens or discriminatory burdens against or in favor of one of the classes as compared with the other. To attempt to do this is to violate the constitution. It is not now necessary to decide the merits of a classification by which one class of bondmakers may be required to pay a lump sum as an occupation tax to enable them to carry on that business, and to tax another class such as duly authorized bonding companies only upon the basis of a percentage of premiums received. But to tax one class of persons engaged in the business of making bonds at all when others engaged in the same business are entirely relieved is an exercise of a power not warranted by the constitution. "All taxation shall be uniform upon the same class of subjects." It is argued by counsel for the plaintiffs in error that the exception, "except duly authorized bonding companies," is a mere classification authorized by the constitution as construed in the *Hirsch* case, supra. The validity of this contention might be upheld if the legislature had provided against partiality and discrimination, by enacting a provision of some kind whereby bonding companies were subjected to the duty of paying their fair proportion of the burden of taxation, and whereby no discrimination would result as against other persons who may be engaged in the same or a similar business. Whereas not only

does the exception as contained in § 27 of itself show an intention to relieve bonding companies from the burden imposed upon the petitioners and other persons engaged in the similar business of procuring bonds for patrons and clients, but an investigation of recent tax legislation demonstrates that bonding companies are entirely relieved from any charge for pursuing business of the same nature as that in which the petitioners are engaged.

While it is true as a general rule that no law can be repealed except by direct reference to the legislation sought to be repealed, or by necessary implication arising from apparent repugnancy, this rule does not apply to general tax acts designed to raise revenue for the purposes of the State government from time to time, and according to the changing necessities and exigencies under changing conditions as the State may require less revenue or more than theretofore. It is a matter of judicial knowledge that the General Assembly of Georgia frames each tax act with a view to the governmental necessities for the next ensuing two years. Every general tax act is the result of a complete revision of all of the subjects of taxation and adjustment of the taxes to be levied, so as to raise equitably the funds actually necessary for the purpose of carrying on the government. Therefore when a provision such as § 12 in the act of 1918, supra, is entirely omitted from the succeeding tax act, the omission must be held to have been intentional and to have effected the repeal of the omitted provision in the previous statute. Therefore the omission of the previous provision as to the bonding companies as contained in the act of 1918, as well as the provision contained in § 27 of the act of 1921, demonstrates the purpose of the General Assembly, whether unwittingly or intentionally, to relieve from any taxation bonding companies engaged in a similar business with the petitioners, and thereby subject to classification and entitled to no more than fair treatment and a just tax; and the act thereby rendered the tax imposed upon the petitioners obnoxious to the constitution and void. The injunction was properly granted.

*Judgment affirmed by operation of law.*