16469, 16528.　TURK *et al.,* trustees, *v.* ROYAL *et al.*

BELL, J. 1. In a proceeding to validate bonds, under the act of December 6, 1897 (Ga. L. 1897, p. 82; Civil Code (1910), § 445 et seq.), it is within the power and jurisdiction of the superior court, upon proper pleadings and sufficient evidence, to pass upon the validity of any votes cast in the election, and to eliminate such votes as are shown by the pleadings and the evidence to be illegal. In the present case, wherein certain citizens intervened and objected to the issuance of the proposed bonds because the several voters who voted in favor of them were for specified reasons not qualified to participate in the election, a demurrer to the intervention, upon the ground that the court was without authority, under the law, to inquire into the validity of the votes cast in

the election, was properly overruled. See *Coleman* v. *Board of Education of Emanuel County*, 131 *Ga.* 643 (5) (63 S. E. 41), in which such cases as *Tharpe* v. *Hardison*, 69 *Ga.* 280 (2), *Skrine* v. *Jackson*, 73 *Ga.* 377, *Caldwell* v. *Barrett*, 73 *Ga.* 604 (4), and *Ivey* v. *City of Rome*, 129 *Ga.* 286 (1) (58 S. E. 852), are distinguished; and compare *Brown* v. *City of Atlanta*, 152 *Ga.* 283 (3) (109 S. E. 666); *Davis* v. *Warde*, 155 *Ga.* 748 (4), 780 (118 S. E. 378); *Drake* v. *Drewry*, 109 *Ga.* 399 (35 S. E. 44); *Mayor &c. of Macon* v. *Hughes*, 110 *Ga.* 795 (3) (36 S. E. 247).

2. If the trial judge erred in refusing, on demurrer, to strike other allegations of the intervention, setting up additional reasons why the bonds should not be validated, his findings from the evidence were against the intervenors, as to the truth of such allegations; and the error was therefore harmless to the opposite parties.

3. One of the requisites to the qualification of a voter is that he shall have paid all taxes required of him since the adoption of the constitution of 1877 that he may have had an opportunity of paying agreeably to law, and must have paid the same at least six months prior to the election at which he offers to vote, unless the election is held within six months from the expiration of the time fixed by law for the payment of such taxes. "The expiration of the time fixed by law for the payment of such taxes in this State is December 20th of each year." *Davis* v. *Warde*, supra.

4. Although a person's name may have been signed by him in the voters' book and may appear upon the registration list, he is not lawfully entitled to vote in a school-district bond election unless he sufficiently made the oath or affirmation prescribed by law for voters when he signed the voters' book. *Chapman* v. *Sumner Consolidated School District*, 152 *Ga.* 450 (2 e) (109 S. E. 129).

5. One who had moved from another county to that wherein the bond election was held, and, by application to the tax-collector of the latter county, had had his name transferred and entered upon the voters' book of that county, but at no time had made any application to the registrars thereof for such transfer, and had offered no proof before them as to his qualifications to vote, was not qualified to vote in such bond election. See Civil Code (1910), § 71; *Chapman* v. *Sumner Consolidated School District*, supra.

6. One can not lawfully register as a voter without signing his name in the voters' book in person, except that where the applicant can not sign his name, the proper officer "shall sign it for him, the applicant making his mark thereto." Civil Code (1910), § 42.

7. The bonds could not lawfully be issued without the assent of two thirds of the qualified voters of the district, voting at an election for that purpose, nor unless the two thirds so, voting were a majority of the registered voters of the district. *Goolsby* v. *Stephens*, 155 *Ga.* 529 (1) (117 S. E. 439).

8. "If the name of a person who is not a qualified voter is entered upon the list of registered voters, he would not become a qualified voter. While the managers of the election would be authorized to receive a ballot from him, on a contest of the election the vote would not be counted." *Cole* v. *McLendon*, 109 *Ga.* 183 (3), 189 (34 S. E. 384).

9. In the instant case the judgment was against validation, and the trustees excepted. They assign, among other things, that the judge erred in holding that certain votes cast in favor of bonds were illegal, and that certain others cast against bonds were legal. The brief filed by their attorneys contains the following statement: "By the findings of the judge, upon the challenge of the votes, there were cast 'for bonds' 3 legal votes, and 'against bonds' 3 legal votes, and 1 legal voter of said district did not participate in said election." Applying to the evidence the principles enunciated above, this court can not say, as a matter of law, that any of the rulings complained of, with respect to the validity of the votes, were unauthorized. Since it can not be held that the judge's ruling should have been different as to the legality of any vote cast, and since his conclusions, as stated and construed by the plaintiffs in error, were to the effect that only three qualified voters voted in favor of bonds, and that three qualified voters voted against the bonds, it appears that the bonds were not assented to by the requisite proportion of the qualified voters, and the judgment refusing the validation should not be disturbed.

*Judgment affirmed on the main bill of exceptions; cross-bill dismissed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED DECEMBER 21, 1925.

Bond validation, from Crisp superior court—Judge Crum. March 20, 1925.

*Strozier & Gower,* for plaintiffs in error.

*J. B. Wall,* solicitor-general, *Dorris & Brown,* contra.