SOUTHERN TRANSFER COMPANY *et al.* v. HARRISON, Comptroller-general, *et al.*

HINES, J. 1. Paragraph 75A of section 2 of the general tax act of 1927 (Acts 1927, pp. 56, 80), which imposes "Upon every person, firm, or corporation engaged in the operation of motor-trucks or trailers for the transportation of freight for hire, $25.00 for each truck or trailer. Provided, this section shall not apply to persons, firms, or corporations hauling farm produce, live stock, and fertilizers exclusively. Provided, that the width of load of trucks and trailers shall not be more than eight feet," is not unconstitutional and void because it violates par. 1 of sec. 2 of art. 7 of the constitution of this State (Code, § 6553), which provides that "All taxation shall be uniform upon the same class of subjects, and ad valorem on all property subject to be taxed within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws," for the reason that it exempts from the tax thereby imposed "persons, firms, and corporations hauling farm produce, live stock, and fertilizers exclusively."

(a) The legislature can make any classification or subclassification which is reasonable and not arbitrary. It is within the power of the General Assembly to make one general class of persons engaged in a particular business, for the purpose of taxing their occupation; and it may constitutionally make for this purpose a more limited class composed of persons engaged in the same occupation in a particular way. The fact of the exemption of certain persons from the operation of the tax

imposed upon a class does not destroy the uniformity required by the above provision of the constitution, provided the exemption is not arbitrary and is based upon some good reason. *Singer Mfg. Co.* v. *Wright*, 97 *Ga.* 114, 117 (25 S. E. 249, 35 L. R. A. 497); *Wright* v. *Hirsch*, 155 *Ga.* 229 (116 S. E. 795); *Hunter* v. *Wright*, 169 *Ga.* 840 (152 S. E. 61); Keeney *v.* New York, 222 U. S. 525, 536 (32 Sup. Ct. 105, 56 L. ed. 299, 38 L. R. A. (N. S.) 1139); Quong Wing *v.* Kirkendall, 223 U. S. 59, 62 (32 Sup. Ct. 192, 56 L. ed. 350) ; St. Louis &c. Ry. *v.* Arkansas, 235 U. S. 350, 368 (35 Sup. Ct. 99, 59 L. ed. 265); Rast *v.* Van Deman & Lewis Co., 240 U. S. 342, 357 (36 Sup. Ct. 370, 60 L. ed. 679, L. R. A. 1917A, 421, Ann. Cas. 1917B, 455); Schlesinger *v.* Wisconsin, 270 U. S. 230, 240 (46 Sup. Ct. 260, 70 L. ed. 557, 43 A. L. R. 1224).

(*b*) The exemption of persons and corporations engaged exclusively in hauling farm produce, live stock, and fertilizers is not unreasonable or arbitrary. State *v.* LeFebvre, 174 Minn. 248 (219 N. W. 167); *Davis* v. *Macon*, 64 *Ga.* 128 (37 Am. R. 60).

2. This paragraph of the tax act does not violate par. 2 of sec. 1 of art. 1 of the constitution of this State (Code, § 6358), which declares that "Protection to person and property is the paramount duty of government, and shall be impartial and complete;" nor does it violate the due-process clause of the constitution of this State or the due-process clause of the fourteenth amendment to the constitution of the United States.

3. Applying the rulings stated above, the court did not err in sustaining the demurrer to the petition.

*Judgment affirmed.* *All the Justices concur, except Atkinson, J., who dissents.*

No. 7681. OCTOBER 17, 1930.

*Paul S. Etheridge & Son* and *Morgan S. Belser,* for plaintiffs. *George M. Napier, attorney-general, T. R. Gress, assistant attorney-general, Troutman & Troutman, Robert S. Sams,* and *Frank Carter,* for defendants.