CITY OF ATLANTA *v.* KIRK *et al.*

No. 8784.   APRIL 16, 1932.

*J. L. Mayson, C. S. Winn,* and *J. C. Savage,* for plaintiff in error. *George G. Finch,* contra.

HINES, J.   By section 84 of the general tax act of August 25, 1927 (Acts 1927, pp. 56, 82), the legislature imposed "upon every peddler or traveling vendor  .  . of any kind of merchandise or commodity," whether "enumerated" therein or not, a license tax of $50 in and for each county where any kind of merchandise or commodity is peddled, sold, or offered for sale.   Then followed a proviso to this section.   By section 8 of the act of August 28, 1929 (Acts 1929, pp. 58, 62), which amended the above section of the

general tax act of 1927, the legislature struck out the proviso to section 84 of the act of 1927, and added in lieu thereof the following: "Provided, that no vendor or peddler of perishable farm products, including products of grove and orchard, shall be required, under this paragraph or any other of this act, to pay any license fee or tax, State, county, or municipal." We can not agree that it is clear that the exemption in the proviso just quoted was one alone from taxation under the act of 1927 as amended by the act of 1929. This proviso is not expressed in apt language; but it is clear enough to show that the purpose of the legislature was to exempt vendors or peddlers of perishable farm products from any State, county, or municipal license fee or tax. If it had been the purpose of the legislature only to exempt such vendors or peddlers from the license fee or tax imposed by section 84 of the act of 1927, it would not have gone further and expressly exempted them from any county or municipal license fee or tax. Neither of these acts imposed any county or municipal license fee or tax on vendors or peddlers of the products mentioned therein. It was the purpose of the legislature to exempt vendors or peddlers of perishable farm products from a license fee or tax under the act of 1927 as amended by the act of 1929; but the legislative purpose was to go further and exempt them from any State license fee or tax, any county license fee or tax, or any municipal license fee or tax. It was the purpose of the legislature to permit farmers to vend or peddle their farm products without being required to pay State, county, or municipal license fees or taxes, and likewise to exempt vendors or peddlers of farm products from such taxation, to the end that the farmers of this State might find wider markets for their perishable products. As the general tax act of 1927 as amended by the act of 1929 did not undertake, expressly or by implication, to impose any county or municipal license taxes upon vendors or peddlers, it would be unreasonable to hold that it was the purpose of the legislature to exempt vendors or peddlers of perishable farm products from such county or municipal license taxes.

Furthermore, able counsel for the City of Atlanta do not raise the contention that it was the purpose of this proviso to exempt vendors or peddlers of perishable farm products only from taxes imposed under the above acts. On the contrary they treat this proviso as exempting such peddlers or vendors from license taxes

imposed by municipal ordinances. The City of Atlanta attacks section 84 of the general tax act of 1927 as amended by section 8 of the act of 1929, for the reason that it violates article 7, section 2, paragraph 1, of the constitution of this State, which provides that all taxation shall be uniform upon the same class of subjects, in that it creates an unreasonable, arbitrary, and discriminatory classification. In *Southern Transfer Co.* v. *Harrison,* 171 *Ga.* 358 (155 S. E. 338), we held that the proviso to paragraph 75a of section 2 of the general tax act of 1927, which exempted persons, firms, or corporations hauling farm products, live stock, and fertilizers, exclusively, from the tax imposed by that paragraph, was not unconstitutional because it violated the above provision of the constitution; and that a classification exempting the persons, firms, and corporations named from the tax imposed by the above paragraph of the general tax act of 1927 was reasonable and not arbitrary. It necessarily follows from the ruling in that case that the classification in the same act as amended by the act of 1929 is not unconstitutional and void because it offends the above provision of the constitution of this State.

The court did not err in granting the injunction over the objections that the plaintiffs had an adequate and complete remedy at law, and that a court of equity will not interfere with a criminal prosecution. The facts of this case bring it squarely within the principle announced in *City of Atlanta* v. *Gate City Gas Light Co.,* 71 *Ga.* 106, *Ga. R. &c. Co.* v. *Atlanta,* 118 *Ga.* 486 (45 S. E. 256), *Town of Fairburn* v. *Edmondson,* 162 *Ga.* 386 (134 S. E. 51), *City of Macon* v. *Samples,* 167 *Ga.* 150 (145 S. E. 57), and *Dasher* v. *Valdosta,* 172 *Ga.* 539 (158 S. E. 34). Two of the plaintiffs have been prosecuted in the recorder's court of the City of Atlanta, and convicted. They gave bond for the purpose of suing out writs of certiorari to review the judgments of the recorder's court. Nevertheless the City of Atlanta was threatening to prosecute them each time they were found vending or peddling these products in the city. The other two plaintiffs had been threatened by the officers of the city with prosecution if they continued their business of vending and peddling these farm products within the city. Plaintiffs alleged that their continued prosecution for their failure to pay the license tax of $100 imposed by the City of Atlanta would destroy their business; and thus they would suffer irreparable dam-

ages. In these circumstances they were clearly entitled to the grant of an injunction.

The city contends that the judge should have refused to grant an injunction, for the reason that the plaintiffs were concluded by a judgment rendered in another suit brought by different plaintiffs against the City of Atlanta to enjoin their prosecutions for. violations of this city ordinance; in which case another trial judge of Fulton superior court had declined to grant a temporary injunction, upon the ground that the plaintiffs in that case had a complete and ample remedy at law to resist their prosecutions for failure to take out a license under this city ordinance. That suit was dismissed after the bringing of the present suit, and before the judgment in the· instant case enjoining the city was rendered. The contention is that the suit so brought and dismissed was a class suit; and that for that reason the judgment in that case concluded the plaintiffs in this case. The present case was brought under facts which were not the same as those in the suit so brought and dismissed; and for this reason the judgment in that suit does not conclude the plaintiffs in the present suit. Furthermore, the suit so brought and dismissed was not such a class suit as would render the judgment therein conclusive upon the plaintiffs in the present case.    *Judgment affirmed. All the Justices concur, except*

GILBERT, J., dissenting.  ■  Petitioners sought to enjoin collection of a tax levied by the City of Atlanta, on the ground that such is inhibited by the act of 1927 (Ga. L. 1927, p. 82, par. 84), as amended by the act of 1929 (Ga. L. 1929, p. 62, sec. 8), which provides as follows: "Provided that no vendor or peddler of perishable farm products, including products of grove and orchard, shall be required, *under this paragraph or any other of this Act, to pay any license fee or tax, State, county, or municipal."* (Italics mine.)    Under the statute quoted, it appears from that portion italicized that the exemption provided by the General Assembly was from taxation under that act; that is, the act of 1927, as amended by the act of 1929 shown above. In construing any law relied upon as an exemption from taxation, the construction must be strictly in favor of taxation and against exemption. If this statute is uncertain, it must be construed against exemption. The tax sought to be imposed· in the present instance is in virtue of an

ordinance of the City of Atlanta, which the General Assembly, under the above act, in no way undertakes to control or limit. The court erred in granting the injunction.

■ Under the pleadings and evidence this case is not an exception to the general rule stated in the Civil Code (1910), § 5491. *Burton* v. *Toccoa*, 158 *Ga.* 63 (122 S. E. 603), and dissenting opinion in *City of Newnan* v. *Atlanta Laundries*, 174 *Ga.* 99 (162 S. E. 497).

■ In view of the foregoing, it is unnecessary for me to discuss the constitutional or other questions made.