## WARREN *v.* CITY OF ATLANTA.

No. 10286. December 14, 1934.

*Cliffton W. Brannon,* for plaintiff.

*J. L. Mayson, C. S. Winn,* and *J. C. Savage,* for defendant.

HUTCHESON, J. R. L. Warren filed a petition for injunction against the City of Atlanta, alleging that he is engaged in the vending or peddling of perishable farm products, to wit, chickens and eggs, and that under the provisions of the general tax act of 1928, as amended by the act of 1929, he is exempt from the payment of any State, county, or municipal fee or tax; that defendant has actually arrested petitioner upon an accusation of doing business without a license, petitioner having failed to pay the tax so levied by the City of Atlanta. He prays that defendant be enjoined from proceeding with the prosecution of petitioner and from attempting to collect any license tax for the vending or peddling of perishable farm products; and for other relief. The defendant in its answer denies the material portions of the petition, and alleges that the plaintiff is not a vendor or peddler of chickens and eggs in the sense of the statute; that he is a wholesale dealer therein, that he is liable for the payment of a license for conducting said business; and that a case has been made against plaintiff, not as a vendor or peddler of perishable farm products, but for carrying on a business as wholesale dealer in chickens and eggs. Upon the hearing an injunction was denied, and the plaintiff excepted.

In the general tax act of 1927 (Acts 1927, pp. 56, 82), the legislature imposed "upon every peddler or traveling vendor . . of any kind of merchandise or commodity," whether "enumerated" therein or not, a license tax of $50 in and for each county where any kind of merchandise or commodity is peddled, sold, or offered for sale. There was, however, a proviso to this section, and in 1929 (Acts 1929, pp. 58, 62), the proviso was stricken and the following language added in lieu thereof: "Provided, that no vendor or peddler of perishable farm products, including products of grove and orchard, shall be required, under this paragraph or any other of this act, to pay any license fee or tax, State, county, or munic-

ipal." This matter was exhaustively studied and ably treated by Mr. Justice Hines, in *City of Atlanta* v. *Kirk*, 174 *Ga.* 763, 764 (164 S. E. 64). He said: "It was the purpose of the legislature to permit farmers to vend or peddle their farm products without being required to pay State, county, or municipal license fees or taxes, and likewise to exempt vendors or peddlers of farm products from such taxation, to the end that the farmers of this State might find wider markets for their perishable products." But there is nothing either in the statute or in the decision just cited to show or infer that the exemption thus provided was limited to the actual producer of such products. One could easily be a vendor or peddler of perishable farm products without having himself raised the products offered by him for sale. In view of the order of the trial court, expressing the opinion that chickens and eggs are not within the exemption, it is necessary that it be ascertained whether or not chickens and eggs are such products as can come within the classification "perishable farm products," or what was the real intention of the lawmaking body relative thereto. In the Penal Code, § 552, we find the following language: "Any person who shall solicit or in any way procure consignments of fruit, melons, vegetables, butter, *eggs, poultry, or other farm, orchard, and dairy products,*" etc. (Italics ours.) It will thus be noted that the legislature of 1895 and 1896 considered eggs and poultry as products of "farm, orchard, or dairy," and that the meaning of the general tax act of 1928, as amended in 1929, can be reasonably thus construed. This being true, the court erred in denying the injunction prayed for. The judgment being reversed on this ground, it is not necessary to consider the other assignments of error.

*Judgment reversed. All the Justices concur.*