24317.  CALLOWAY *v.* TUNNEL HILL SCHOOL DISTRICT *et al.*

JENKINS, P. J. · 1. In a proceeding to validate the bonds of a school district after a bond election, it must appear that two thirds of the qualified votes cast at the election were in favor of the bonds, and that the two thirds so voting constituted a majority of the registered voters. In determining whether the necessary two thirds of the voters voted in favor of the bonds, ballots cast by persons not lawfully qualified to vote under the constitution and laws of the State, by reason of nonpayment of the tax required as a qualification, or otherwise, should be rejected; but in determining whether such two thirds of the qualified voters constituted a majority of the registered voters, disqualified voters should not be deducted from the number of voters appearing upon the registration list. *Buchanan* v. *Woodland Consolidated School District*, 168 *Ga.* 626 (148 S. E. 663); *Chapman* v. *Sumner Consolidated School District*, 152 *Ga.* 450 (109 S. E. 129); *Smith* v. *Board of Education*, 174 *Ga.* 735 (164 S. E. 41); Code of 1933, §§ 32-1401-32-1403.

2. Among the qualifications required "to entitle a person to register and vote in any election by the people" in this State, he "shall have paid all poll-taxes that he may have had an opportunity of paying agreeably to law," and "such payment must have been made at least six months prior to the election at which he offers to vote, except when such elections are held within six months from the expiration of the time fixed by law for the payment of such taxes." Code of 1933, § 2-603. The expiration of the time fixed by law for the payment of poll-taxes is December 20th of each year. *Davis* v. *Warde*, 155 *Ga.* 748 (5, *c*) (118 S. E. 378); Code of 1933, §§ 92-108, 92-5001. All prior poll taxes becoming past due after December 20th of each year must thus have been paid at least six months prior to the election, unless that length of time has not intervened between the preceding date of maturity of the tax and the date of the election. This exception, however, does not relieve one liable for poll tax on the preceding December 20th from paying it before the election, in order to become a qualified voter. Nothing was ruled to the contrary in *McGill* v. *Simmons*, 172 *Ga.* 127 (157 S. E. 273), where it was held that a person who had paid all his taxes on April 4, 1930, more than six months before the general election of November 4, 1930, and became a qualified voter for such general election, was also a qualified voter entitled to vote at a special election held less than six months after his payment of all taxes.

3. In the instant proceeding, 111 votes were cast in favor of the school bonds, 53 were cast against the bonds, and 4 ballots cast were improperly marked. The total number of registered voters in the school district was 186. Under the undisputed evidence, it appears that 18 of the voters favoring bonds were not qualified to vote, because of their failure to pay their 1932 poll taxes at least six months prior to the election held on April 28, 1934, or their failure to pay their 1933 poll taxes at any time prior to the election. The record further shows that 3 of the voters against bonds were not qualified, because of their failure to properly pay their 1932 poll taxes. Deducting the 18 disqualified votes from the 111 favoring bonds, the remaining 93 qualified votes

failed to constitute two thirds of the 147 qualified votes cast, and also failed to constitute a majority of the 186 registered voters. It was therefore error to confirm and validate the bonds.

*Judgment reversed. Stephens and Sutton, JJ., concur.*

DECIDED APRIL 9, 1935.

*Mann & Mann, Luther T. Mann,* for plaintiffs in error.
*John C. Mitchell, solicitor-general, J. A. McFarland,* contra.