CITY OF ATLANTA *v.* GOODMAN *et al.*

No. 11502.  FEBRUARY 12, 1936.

*J. C. Savage, C. S. Winn,* and *Bond Almand,* for plaintiff in error.

*George G. Finch* and *William G. McRae,* contra.

BELL, Justice. On April 10, 1936, W. H. C. Goodman and twelve others filed a suit against the City of Atlanta, to enjoin against enforcement of an occupation tax ordinance from which the plaintiffs contended they were exempt on the ground that the business in which they were engaged was that of vending and selling perishable farm products, including products of grove and orchard. The defendant filed a demurrer and an answer. The court did not rule on the demurrer, but granted an interlocutory injunction on the pleadings considered as evidence; and the defendant excepted.

Section 92-1602 of the Code of 1933 levies a tax of $50 for each county, on peddlers and traveling vendors, with the proviso that "no vendor or peddler of perishable farm products, including products of grove and orchard, shall be required, under this section or any other section of this law to pay any license fee or tax, state, county, or municipal." Section 5-603 provides that "No municipal corporation shall levy or assess a tax on cotton or the sales thereof, nor levy or assess a tax on any agricultural products raised in this State, or the sales thereof (other than cotton), until after the expiration of three months from the time of their introduction into said corporations." The plaintiffs rely upon each of these sections as entitling them to the exemption claimed.

Section 92-1602 is a codification of paragraph 84 of section 2 of the general tax act of 1927 (Ga. L. 1927, p. 82), as amended by section 8 of the act of 1929 (Ga. L. 1929, p. 62). On March 28, 1935, the legislature passed a general tax act to become effective January 1, 1936. Ga. L. 1935, p. 11. This act, like the act of 1927, was a full and comprehensive statute purporting to deal exhaustively with the subject of occupation taxes. The act of 1935 contained no provision similar to that which appeared in the act of 1927, which was later embodied in the Code of 1933, as § 92-1602. In view of the scope and purposes of the respective statutes, the omission can not be explained except on the theory of an intention to repeal; and in the recent case of *Fidelity Fruit & Produce Co.* v. *Atlanta*, 183 *Ga.* 698 (189 S. E. 527), it was held that the identical statute was repealed by the act of 1935. While repeals by implication are not favored and the intention to repeal must be plain and unmistakable, yet a repeal by implication will result where a statute is manifestly intended to cover the

subject-matter of a former statute and to act as a substitute for it, notwithstanding the express provisions of the acts are not repugnant. *Johnson* v. *Southern Mutual Building & Loan Asso.*, 97 *Ga.* 622 (25 S. E. 358); *Jones* v. *Stokes,* 145 *Ga.* 745 (89 S. E. 778); *Brackett* v. *Arp,* 156 *Ga.* 160 (118 S. E. 651); *Hardeman* v. *Ellis,* 162 *Ga.* 664 (6), 691 (135 S. E. 195); *Friedman* v. *Mizell,* 164 *Ga.* 1 (137 S. E. 400); *Thornton* v. *State,* 5 *Ga. App.* 397 (3) (63 S. E. 301); *Hardy* v. *State,* 25 *Ga. App.* 287 (103 S. E. 267); *Peacock* v. *Larsen,* 180 *Ga.* 444 (178 S. E. 922). In *Horn* v. *State,* 114 *Ga.* 509 (40 S. E. 768), the principle was thus stated: "The rule as to repeal by implication is, in such cases, so far as we can ascertain from the authorities, that when the legislature intends to revise a former act or charter or to deal exhaustively with the subject of all or a part of the original act, and a portion of the original act is left out, such omitted portion is repealed by implication." It is a matter of judicial knowledge that the general tax statutes are enacted in view of the governmental necessities for limited periods, and that each of such statutes is generally the result of a complete revision of the subjects of taxation, with an adjustment of the taxes to be levied in the future. See opinion of Chief Justice Russell in *Pate* v. *Foss,* 157 *Ga.* 579, 584 (122 S. E. 238). Under well-settled rules of construction, it is clearly apparent that the legislature in passing the general tax act of 1935 intended to repeal the former statute as to peddlers, together with the exemption of farm products as stated therein. This conclusion is not altered by the fact that the former statute had been embodied in the Code in the process of codification. Compare *Clark* v. *Newsome,* 180 *Ga.* 97 (178 S. E. 386). If the Code had been adopted after the passage of the act of 1935, it would doubtless have been made to conform to the later act, instead of the act of 1927 as amended by the act of 1929. Section 92-1602 having been repealed by implication, it did not prevent the City of Atlanta from enforcing the tax ordinance in question.

The decisions in *City of Atlanta* v. *Kirk,* 174 *Ga.* 763 (164 S. E. 64), *Warren* v. *Atlanta,* 179 *Ga.* 900 (177 S. E. 706), and *City of Atlanta* v. *McCullough,* 182 *Ga.* 726 (186 S. E. 729), are not applicable, in view of the change in the law as made by the act of 1935.

■ Section 5-603, which also was invoked by the plaintiffs, is expressly limited to agricultural products, other than cotton, raised in this State; and whether or not this section might otherwise have been applicable so as to protect the present plaintiffs, there was no evidence that the products handled by them were raised in the State of Georgia. Their petition did not so allege, and there was no other evidence upon the question. Accordingly, the plaintiffs did not show an exemption under this section. It follows that the judge erred in granting an injunction.

*Judgment reversed. All the Justices concur.*