FIDELITY FRUIT AND PRODUCE COMPANY *v.* CITY OF ATLANTA *et al.*

No. 11499. January 13, 1937.

*J. K. Jordan,* for plaintiff.

*J. C. Savage, Bond Almand,* and *C. S. Winn,* for defendant.

Russell, Chief Justice. The City of Atlanta sought to collect from wholesale dealers in produce a quarterly license of $30. The Fidelity Fruit and Produce Company is engaged in the sale at wholesale, in said city, of perishable farm products, including products of orchard and grove, at a fixed location therein, and it refused to pay such license. Thereupon the city issued an execution therefor, and it was levied on a cash register of the company, which was advertised for sale. The produce company filed a petition praying that the city be enjoined from collecting said tax from it, and from proceeding with the sale of its property, on the ground that the ordinance imposing the license was in violation of a State law, being the general tax act of 1927 (Ga. L. 1927, pp. 56-110), as amended by the act of 1929 (Ga. L. 1929, pp. 58-76), as follows: "Provided, that no vendor or peddler of perishable farm products, including products of grove and orchard, shall be required, under this paragraph or any other of this act, to pay any license fee or tax, State, county or municipal." Code of 1933, § 92-1602. The defendants demurred, and in their answer admitted the allegations of the petition, other than that the ordinance was invalid and did not apply to the plaintiff. The trial judge refused a temporary injunction, and the plaintiff excepted.

■ Section 92-1602 of the Code of 1933, which was codified from paragraph 84 of section 2 of the general tax act of 1927, as amended by the act of 1929 (Ga. L. 1927, p. 83; Ga. L. 1929, pp. 58, 62), is no longer of force and effect in this State. The general tax act of 1935 (Ga. L. 1935, pp. 11-72) was intended by the General Assembly to cover the entire subject-matter of the general tax act of 1927 and amendments thereof, and the later act operated to continue in force all provisions of the general tax act of 1927 as amended, which were contained in such later act, but all parts of the general tax act of 1927, as amended, which were omitted from the general tax act of 1935, have been repealed. The general tax act of 1935 does not embrace the provisions of par. 84 of the 1927 act; nor does it include the provisos contained in that paragraph exempting vendors and peddlers of perishable farm

products, including products of grove and orchard, from State, county, or municipal taxation; and therefore it is apparent that such paragraph and its provisos of the general tax act of 1927, as amended, have been repealed.

■ "While it is true as a general rule that no law can be repealed except by direct reference to the legislation sought to be repealed, or by necessary implication arising from apparent repugnancy, this rule does not apply to general tax acts designed to raise revenue for the purposes of the State government from time to time, and according to the changing necessities and exigencies under changing conditions as the State may require less revenue or more than theretofore. . . Therefore when a provision such as" par. 84 of section 2 of the general tax act of 1927, as amended, "is entirely omitted from the succeeding tax act, the omission must be held to have been intentional and to have effected the repeal of the omitted provision in the previous statute. Therefore the omission of the previous provision" as to peddlers, including vendors of perishable farm products, as contained in said general tax act of 1927, as amended, "demonstrates the purpose of the General Assembly, whether unwittingly or intentionally, to relieve from any taxation," in so far as the State of Georgia is concerned, those peddlers and vendors mentioned in said paragraph of the old general tax act, which, of course, does away with the exemption afforded vendors of perishable farm products. See *Pate v. Foss*, 157 *Ga.* 579, 584 (122 S. E. 238); 59 C. J. 522, 919; *Hardeman v. Ellis*, 162 *Ga.* 664, 691 (135 S. E. 195); *Friedman v. Mizell*, 164 *Ga.* 1 (137 S. E. 400); *Atlantic Log & Export Co. v. Central of Ga. Ry. Co.*, 171 *Ga.* 175 (155 S. E. 525); *Thornton v. State*, 5 *Ga. App.* 397 (63 S. E. 301); *Hardy v. State*, 25 *Ga. App.* 287 (103 S. E. 267).

■ The decisions of this court in *City of Atlanta v. Kirk*, 174 *Ga.* 763 (164 S. E. 64), *Warren v. Atlanta*, 179 *Ga.* 900 (177 S. E. 706), and *City of Atlanta v. McCullough Inc.*, 182 *Ga.* 726 (186 S. E. 729), were rendered in cases involving ordinances of the City of Atlanta, under which the city sought to impose a license tax on vendors of perishable farm products before the passage of the general tax act of 1935, and are not now applicable.

■ It follows that the judge did not err in refusing to grant an injunction, holding that vendors of perishable farm products

are not now exempt from municipal licenses under par. 84 of section 2 of the general tax act of 1927 as amended by the act of 1929, supra.    *Judgment affirmed.   All the Justices concur.*