SIMS *et al. v.* KENNEDY *et al.*

No. 11964. NOVEMBER 10, 1937.

*R. F. Duncan,* for plaintiffs.
*W. L. Nix* and *Marvin A. Allison,* for defendants.

BELL, Justice. On July 16, 1936, an election was held in Suwanee Consolidated School District, Gwinnett County, to determine whether the citizens of the district desired the levy of a local school tax. The election was prima facie in favor of the tax, there being 241 votes for and 110 votes against the proposed taxation. Citizens and taxpayers of the district, including Paul Sims and others, filed a suit against A. R. Kennedy, secretary of the district board of trustees, and other officers, to enjoiñ the levy of any tax in pursuance of the election, on the ground that named persons who voted for the tax were disqualified for reasons stated, and that with their votes eliminated the election did not result in favor of the tax by the requisite "two thirds of those voting." Code, § 32-1108. The petition was several times so amended as to include the names of additional persons alleged to be disqualified. The defendants filed an answer in which they admitted some of the allegations of the petition but denied others, and in which they countered by alleging that named persons who voted *against* the tax were disqualified, and that with these and all other illegal votes eliminated the election resulted favorably by the necessary two thirds of those voting. By consent the judge of the superior court granted an interlocutory injunction pending a trial by jury, and finally a jury trial was waived. The judge who tried the case found disqualifications on each side, but also found that the election resulted in favor of the tax by the necessary two thirds of the legal votes cast, and upon these findings he entered a decree denying an injunction. The plaintiffs' motion for new trial was overruled, and they excepted.

The first contention of the plaintiffs is that the names of 44 persons who voted in favor of the tax should have been eliminated, because they failed to pay their poll-tax for the year 1935 six months before this election, as held July 6, 1936, although each of them did pay such tax more than six months before the general election held on November 3, 1936. The judge ruled contrary to this contention, and considered the votes of these 44 persons in determining the result. Paragraph 3 of section 1 of article 2 of the constitution of this State is as follows: "To entitle a person to register and vote at any election by the people, he shall have resided in the State one year next preceding the election, and in the county in which he offers to vote, six months next preceding

the election, and shall have paid all poll taxes that he may have had an opportunity of paying agreeably to law. Such payment must have been made at least six months prior to the election at which he offers to vote, except when such elections are held within six months from the expiration of the time fixed by law for the payment of such taxes." Code, § 2-603. In *McGill* v. *Simmons,* 172 *Ga.* 127 (157 S. E. 273), it was held, in effect, that this requirement as to payment of tax six months before the election at which the taxpayer offers to vote applies only to general elections, and that where such requirement is met the fact that the payment is less than six months before a special election at which the taxpayer offers to vote will not prevent him from voting therein, but that, if otherwise qualified, he will be entitled to vote in such special election. In *Houston* v. *Thomas,* 168 *Ga.* 67, 70 (146 S. E. 908), it was held that a school-district election on the question of local school tax is a special election. We are requested by the plaintiffs to overrule the decision in *McGill* v. *Simmons,* supra, and have concluded that this request should be denied. If the decision by the Court of Appeals in *Turk* v. *Royal,* 34 *Ga. App.* 717 (3) (131 S. E. 119), is contrary, it is to that extent disapproved. *Calloway* v. *Tunnel Hill School District,* 51 *Ga. App.* 101 (2) (179 S. E. 737), may be distinguishable. See reference there made to the *McGill* case. It has been held by this court that the constitutional requirement as to payment of tax six months before the election applies to municipal elections. *Tatum* v. *Langley,* 179 *Ga.* 731 (177 S. E. 243) ; *Lilly* v. *Miller,* 181 *Ga.* 624 (2) (183 S. E. 790). This, however, was not to hold that the provision should be applied to special elections, municipal or otherwise, these decisions having reference to *regular* municipal elections.

■ The plaintiffs challenged the votes of two persons who registered in the year 1934, stating their ages as 58 years, and who did not pay any poll-tax for the years 1934 and 1935. These two persons voted for the tax, and it is contended that their votes should have been disregarded because of their failure to pay the poll-tax for the years stated. The defendants introduced an affidavit signed jointly by these two voters, stating that "the reason they have not paid any tax for the past few years is because of the fact they are over sixty years of age." This affidavit was ad-

mitted in evidence over objection of the plaintiffs that the quoted statement is a mere conclusion, and is insufficient to, overcome the oath taken by the affiants at the time of their registration. The court did not err in admitting this affidavit over the objection stated. An incorrect statement of age in the oath taken by one in connection with registration does not work an estoppel, nor was the affidavit as introduced in evidence objectionable as containing a mere conclusion. It follows that the court did not err in counting the votes of these two persons.

The names of two other persons who registered in the county for the first time on March 4, 1936, giving their ages as 51 and 43 years respectively, were challenged on the ground that they had never paid any poll-tax in the county; and upon the further ground that if they had been registered in any other county, their names had not been transferred to Gwinnett County according to law. These two persons joined in an affidavit as follows: "That they resided in Suwanee Consolidated School District on July 6, 1936, the date on which an election for local taxation was had in said district; that they had resided within the State of Georgia more than one year, and within the said Suwanee Consolidated School District more than six months just prior to said election, and they were at the time thereof duly qualified voters of said district." This affidavit was admitted in evidence over the objection that it contained a mere conclusion of the affiants which was not supported by the facts stated. The judge did not err in admitting the affidavit over this objection; and from this and other evidence he was authorized to find that these affiants came into Gwinnett County from without the State of Georgia, and had resided in the State one year next preceding the election and within the district six months next preceding it, but had established residence in the State after January 1, 1935, and were therefore not subject to taxation for that year. In these circumstances the judge did not err in finding that the votes of these two persons were legal, and in counting them among those voting for local taxation. In other words, the burden was upon the plaintiffs to show the disqualification of these two voters, and the evidence as a whole did not conclusively establish their disqualification under the constitutional provision quoted in the preceding division.

The plaintiffs further contend that the judge erred in holding disqualified three persons who voted *against* local taxation and whose votes were challenged by the *defendants*. We have examined the evidence relating to the qualification of these three voters, and conclude that the findings of the judge were not unauthorized.

■ The plaintiffs contend also that the judge erred in holding that fourteen women who registered in stated years, some in the year 1934 and the others in the year 1935, and who voted in favor of local taxation were not disqualified on the ground that they did not pay any poll-tax for the years in which they registered respectively. The applicable statute is section 92-108 of the Code, which declares: "There shall be levied and collected each year upon every inhabitant of the State between the ages of 21 and 60 years, on the day fixed for the return of property for taxation, a poll-tax of $1, which shall be used for educational purposes in instructing children in the elementary branches of an English education only: Provided, that this tax shall not be demanded of blind persons, or female inhabitants of the State who do not register for voting." So far as here material, the proper construction of this law is that the poll-tax is levied on inhabitants of the ages stated as of "the day fixed for the return of property for taxation," but is so levied against female inhabitants only in the event they have registered for voting. Within the meaning of this statute, the day fixed for the return of property for taxation by individuals is January 1 of each year. Code, §§ 92-6201, 92-6202; *Jones* v. *Morse Brothers Lumber Co.*, 171 *Ga.* 753, 758 (156 S. E. 587). Accordingly, where a male inhabitant arrives at the age of 21 years after January 1 in a given year, he is *not* subject to the poll-tax for that year, but *is* subject to it in later years whether he registers or not. In case of a female inhabitant the law attaches a further condition to liability, to wit, registration; and both of these conditions must exist on January 1 of a given year in order to fix the liability for that year. It follows that the mere act of registering during a given year by a female of any age will not render her subject to the poll-tax for that year; but if she is of the required age, the added condition of registration will create liability for the next and succeeding years. Section 92-108 appears to be a codification of paragraph 1 of section 2 of the general tax act of 1927. Ga. L. 1927, p. 57. On the general

subject, see Ga. L. 1921, p. 39; Ga. L. Ex. Sess. 1923, p. 21; Ga. L. 1935, p. 12; *Hawthorne* v. *Turkey Creek School Dist.*, 162 *Ga.* 462, 470 (134 S. E. 103); *Fidelity Fruit & Produce Co.* v. *Atlanta*, 183 *Ga.* 698 (189 S. E. 527); *City of Atlanta* v. *Goodman*, 183 *Ga.* 834 (189 S. E. 829).

■ The judge did not err in holding that the women voters were not disqualified merely because they did not pay any poll-tax for the years in which they registered. The conclusions of the judge, whether of law or of fact, were not erroneous for any of the reasons urged; and there was no error in refusing a new trial.

*Judgment affirmed. All the Justices concur.*