KEMP *et al. v.* CHALKER, trustee, *et al.*

No. 13970.  MARCH 10, 1942.

*J. E. Mozley* and *Gordon B. Gann,* for plaintiffs.
*Charles Pigue,* for defendants.

ATKINSON, Presiding Justice.  On May 10, 1941, an election was held in Kennesaw Consolidated School District, Cobb County, to determine whether there should be levy of a local school tax.  In a suit to enjoin collection of taxes as levied in virtue of that election, instituted on June 7, 1941, it was conceded on the trial that the election was void, and the judge granted an interlocutory injunction to which there was no exception.  After such judgment another election was held on July 26, 1941, for the same purpose, which resulted in favor of levying the tax.  The plaintiffs in the former suit instituted an action against the same defendants, to enjoin the levy of the tax as authorized at the July election.  The grounds of complaint were (a) that the second election was void as violative of the statute which inhibits the holding of a second election within twelve months after the first election; (b) that certain persons sufficient in number to change the result were allowed to pay their poll-tax, register, and vote in the July election after more than six months had elapsed from the time the poll-tax was due, and the election for which they registered was held on

July 26, 1941; (c) that designated persons voted for the school tax who were not residents of the Kennesaw District as formerly laid out, but were residents of new territory taken in July 1, 1941, and such persons were not qualified to vote, not having resided in the district six months before the election; (d) one person who registered in another county was registered, July 8, 1941, in Kennesaw District, and voted for local school tax, when he had not resided in the district six months before the election. At an interlocutory hearing on evidence introduced by the plaintiffs showing the case substantially as above indicated, the judge refused an injunction, and the plaintiffs excepted.

1. "Whenever the citizens of any school district wish to supplement the funds received from the State public school fund by levying a tax for educational purposes, they shall present a petition from one fourth of the qualified voters of the district to the ordinary, who shall order the election not earlier than 20 days nor later than 60 days after the petition is received. . . No person shall vote in said election except the regularly qualified voters residing in the district six months prior to the election. An election for the same purpose shall not be held oftener than every 12 months." Code, § 32-1108. Properly construed, the language, "an election for the same· purpose shall not be held oftener than every 12 months," means a valid binding election, and does not prevent the holding of a second election where the first election was void. The petition as amended shows on its face that the plaintiffs and defendants conceded that the first election was void, and there is now no contention to the contrary by either party.

2. "The constitutional provision as to qualification of voters, to the effect that the payment of the required tax 'must have been made at least six months prior to the election at which he offers to vote, except when such elections are held within six months from the expiration of the time fixed by law for the payment of such taxes," does not apply to special elections. A school-district election on the question of local school tax is a special election." *Sims* v. *Kennedy*, 184 *Ga.* 822 (193 S. E. 876).

(a) The election in question is a special election, and consequently voters otherwise qualified were not disqualified merely because they had not paid their poll taxes and registered until after more than six months had elapsed from the time the tax was due.

(*b*) Qualified voters of an adjoining school district, who were brought into the district by process of consolidation during the period of time between the due date of the taxes for the year and the date of the election being held less than six months from such due date of taxes, were qualified to vote without further registration. The fact that such persons were allowed to vote, and that their votes were necessary to carry the election, would not render the election void.

(*c*) If one person who voted in favor of the levy of the tax was disqualified by reason of having moved into the county within less than six months before the election, the vote in the instant case would not have changed the result, and was insufficient to render the election void.

3. The judge did not err in refusing an injunction.

*Judgment affirmed. All Justices concur.*