Green vs. Hall, Adm'r, &c.

Moses P. Green, plaintiff in error, vs. Benjamin F. Hall, administrator, de bonis non, cum testamento annexo of William Fulcher, deceased, defendant in error.

By the Act of 1854, a credit entered on a promissory note in part payment thereof, after the statute of limitations has commenced running, in order to form a *new starting point* from which the statute will commence to run, must be *subscribed* by the party making it, or by some other person by him *lawfully* authorized to do so.

As the law stood at the time of the passage of the Act of 1854, it took effect from the date of its passage, and not from the time of its publication.

Complaint on Note. Statute of Limitations. Decided by Judge Augustus Reese. Richmond Superior Court. April Term, 1867.

This was complaint by Green against Hall in his said representative capacity, on the following promissory note :

" $846.77.                                October 10th, 1851.

One day after date, I promise to pay to M. P. Green, or bearer, the sum of Eight Hundred and Forty-six Dollars and Seventy-seven cents, in renewal of a note given by William Fulcher.                          Ann C. Fulcher,
                                              *Executrix.*"

On which note was this endorsement :

"10th December, 1855.—Received of James A. Templeton for Ann C. Fulcher, executrix on the estate of William Fulcher, deceased, the sum of Two Hundred and Forty-four Dollars and Fifty-six cents.            M. P. Green."

At December Term, 1865, it was taken to the Superior Court by consent appeal. Subsequently at October Term, 1866, plaintiff's declaration was amended by adding a count, declaring that Ann C. Fulcher, as executrix of William Fulcher, deceased, was indebted to plaintiff $846.77, on 10th October, 1851, for money had and received for the use and benefit of the estate of said deceased.

And again at January Term, 1867, plaintiff again amended

his declaration by alleging that said defendant in error, in his said representative capacity, was indebted to him, &c., on the following note :

"January 1st, 1843.

One day after date, I promise to pay Jesse P. Green, or bearer, Five Hundred and Ninety-three Dollars and Thirty-eight Cents, for value received.

WILLIAM FULCHER."

On this last note was a credit for $75, dated 18th October, 1844.

The defendant plead *non assumpsit;* that the first note was the private undertaking of Ann C. Fulcher, and did not bind William Fulcher's estate; as to the last note, payment and as to the open account and both notes, the statutes of limitations applicable to each.

Before the jury was empanelled, by consent of counsel, to save time, a motion was made to exclude the note sued on from the jury, because it was barred by the lapse of time, there being no new promise in writing, as required by the Act of 1854.

The Court sustained the motion and ordered a verdict for the defendant.

This decision and order are assigned as error.

FRANK H. MILLER, for plaintiff in error.

JOHN T. SHEWMAKE, for defendant in error.

WARNER, C. J.

The error assigned to the judgment of the Court below in this case, is in deciding that the note sued on was barred by the statute of limitations. By the Act of 1854, the credit entered on the note, of part payment thereof, must be *subscribed* by the party making it, or some other person thereunto by him *lawfully* authorized, if made after the statute of limitations has commenced running, in order to revive the same, or to form a new starting point from which the statute will commence running. In this case the credit on the note

was not subscribed by *the party* making it, nor does it appear that it was done by *her authority*—the credit on the note is subscribed by the *payee* thereof. The statute of 1854, as construed by this Court in Holland vs. Chaffin & Lane, (22d Ga. Rep., 343,) is decisive of this question. The Revised Code declares that a new promise, in order to renew a right of action *already barred*, or to constitute a point from which the limitation shall commence running on a right of action *not yet barred*, must be in writing, either in the party's *own handwriting*, or subscribed by him or some one authorized by him. A payment *entered* upon a written evidence of debt by *the debtor*, or any other *written* acknowledgment of the existing liability, is equivalent to a new promise to pay. Sections 2883, 2884. The Act of 20th February, 1854, expressly declares that it shall take effect from and after the date of its passage. We have no *dispensing* power to say that it shall not do so, on account of its not being *published*, under the law as it existed at the time of the passage of that act.

Let the judgment of the Court below be affirmed.