EPSTIN *vs.* LEVENSON & COMPANY.

1. Where the jurisdiction of a city court was limited to $2,000, and two cases were brought therein by the same plaintiffs against the same defendant, one for $1,800 and the other for $700, there was no error in refusing, on motion, to consolidate them, and thereby oust the jurisdiction of the court.

2. When an act has been passed by both branches of the legislature and approved by the governor, its publication is complete. In the absence of the enrolled act, the court may look to the act as published by the public printer; but where the enrolled act is presented to the court, or the court has knowledge of it and has inspected it, and it is different from the printed act, the former should control.

3. Where two attachments were levied on the same property, and an order was taken to sell it as perishable property expensive to keep, this did not operate as a consolidation of the cases.

4. Where, after the levy of attachments, a third party purchased the claims from the plaintiffs, and the declarations in attachment were

amended by alleging that the plaintiffs sued for the use of such party, this did not operate as a dissolution of the attachments.

November 12, 1887.

Jurisdiction. Practice in Superior Court. Amendment. Before Judge Eve. City Court of Richmond County. June Term, 1887.

Reported in the decision.

J. H. Phinizy, by brief, for plaintiff in error.

J. S. & W. T. Davidson, for defendants.

Blandford, Justice.

1. These were two cases in the city court of Richmond county, brought by Levenson & Company against Epstin, one for an amount over $1,800, and the other for something over $700. The defendant, Epstin, moved to consolidate these cases. If they had been consolidated, the amount would have been over $2,000, and would have been beyond the jurisdiction of the court. The court refused to consolidate; and we think the court did right not to oust itself of jurisdiction.

2. It is true that the published laws, as published by the public printer, said that the city court of Richmond county should have jurisdiction not exceeding $5,000; but we have examined the enrolled act, and it says the jurisdiction shall not exceed $2,000; and the question is raised here, whether we shall go by the act as published by the public printer or by the enrolled act. To my mind it is a proposition easy of solution. If we should go by the act as published by the public printer, the printer would have the power to make any law he wished, just by changing the act of the legislature. We think that when an act has passed both branches of the legislature and has received the approval and signature of the governor, the

publication is complete. There is no law requiring the act to be published in a newspaper; that was repealed by the act of 1876 (p. 28). While the court, in the absence of the enrolled act, may look to the act as published by the public printer, yet where the enrolled act is presented to the court, or the court has knowledge of it and has inspected it, and it is different from the printed act, we think the enrolled act ought to govern.

3. It is contended by the plaintiff in error that, when the judge of the city court granted the application of Levenson & Co. to have the property attached sold as perishable property, being expensive to keep, the granting of that order was in effect a consolidation of these cases. We do not think so. There might be fifty attachments levied on the same property, either by the same person or by different persons, and one order in any one case would be sufficient to apply to all.

4. Another point made was, that after these attachments were sued out and the levies made, the declarations filed in these cases were amended by alleging that Levenson & Company sued for the use of Claflin; that Claflin had purchased these claims after the levy of the attachments; and that this was a dissolution of the attachment. We do not so understand it. Whether Claflin & Co. were the usees or not, and would be eventually entitled to the money arising out of these attachments, was a question, we think, with which this defendant had no concern whatever. He was properly sued in his right name, and was not prejudiced in his rights by their having put in that amendment making Claflin & Co. usees; because he could have put in any plea after the amendment that he could before. We do not think that operated to discharge the attachment.

Looking over this record, we do not see any error committed on the part of the court below; and the judgment is therefore affirmed.