## LAMPKIN *et al.* v. PIKE.

1. While the General Assembly has full power to amend its legislative enactments, an amendatory act, to be valid as such, must relate to an existing statute, and not to one which, having been repealed, is wholly inoperative.
2. At the date of the passage of the act of November 30, 1897, to establish the city court of Jefferson, in Jackson county, there was in that county no incorporated city having the name of Jefferson; and consequently it was not within the power of the General Assembly to provide that the judgments of that court might be reviewed by the Supreme Court upon a direct bill of exceptions.

Submitted May 1, — Decided July 17, 1902.

Motion to dismiss the writ of error.

*George C. Thomas, Brown & Randolph,* and *Brutus J. Clay,* for plaintiffs in error.    *John J. Strickland,* contra.

LUMPKIN, P. J.    The defendant in error moved to dismiss the writ of error in this case, " upon the ground that a bill of exceptions will not lie from the city court of Jefferson to this court, because said city court of Jefferson is not a constitutional city court." The General Assembly has in the past enacted numerous statutes relating to Jefferson.    We shall, however, in the discussion which follows, confine ourselves to those only of them which bear upon the question presented by the motion to dismiss.    On August 14, 1872, an act was passed " to incorporate the town of Jefferson, in the county of Jackson, and to provide for the election of mayor and aldermen for the same, and for other purposes."    This act, in and of itself, set forth a full and complete charter for the town.    At the same session of the General Assembly, on August 23, 1872, an act was passed " to incorporate the town of Jefferson, in the county of Jackson; to provide for town councilmen and intendant for the same, and for other purposes."    It conferred upon the town of Jefferson corporate powers similar to those which had previously been bestowed upon " the town of Clarkesville, in the county of Habersham."    The latter of these acts may be found on page 210 of the Acts of 1872, and the former begins on the same page.    The obvious result of the act of August 23 was to annihilate the charter of August 14.    This charter was, however, resuscitated by an act approved February 5, 1873, which by its express terms repealed the act of August 23, 1872, and re-enacted that of August 14.    See Acts of 1873, p. 149.    It will thus be seen that the effect of the act of 1873 was to provide a new charter for the town of Jefferson, the provisions of which were identical with those embraced in the act of August 14, 1872.    On December 23, 1896, an act was passed " to amend an act incorporating the town of Jefferson, in the county of Jackson, approved the 14th of August, 1872, and all amendments thereof, by striking out of said act, whenever it occurs, the word ' town,' and inserting in its place the word ' city,' so that said place of Jefferson will be incorporated as a city, and not as a town."    See Acts of 1896, p. 191.    In the body of this act the General Assembly undertook to enact the legislation indicated

by its title. On November 30, 1897, an act was passed " to establish the city court of Jefferson, in Jackson county," whereby it was declared that "the city court of Jefferson, located in the city of Jefferson, is hereby established and created with civil and criminal jurisdiction over the whole county of Jackson." In the 33d section of that act the General Assembly also undertook to provide that "a writ of error shall be direct from said city court to the Supreme Court of this State, upon a bill of exceptions filed under the same rules and regulations as govern and control the issuing of writs of error and filing of bills of exceptions in the superior courts of this State." See Acts of 1897, pp. 485, 493.

In view of the above-recited legislation, the vital and controlling question now for decision is whether or not there was, on the date of the act last mentioned, an incorporated city in the county of Jackson having the name of Jefferson. We are constrained to hold there was not. The act of August 14, 1872, after its repeal by that of August 23, 1872, was no longer a living statute capable of being amended or modified as such. As a legislative enactment, it had simply become a dead letter, and could not properly be treated and dealt with as having any force or vitality. "The legislature has general power to amend statutes, but an amendatory act, to be valid as such, must relate to an existing statute, and not to one which is non-existent, or has been repealed." 23 Am. & Eng. Enc. L. 276 – 7. To the same effect, see State v. Benton, 33 Neb. 823, 833; Draper v. Falley, 33 Ind. 465; Blakemore v. Dolan, 50 Ind. 194; Board of Commissioners v. Smith, 52 Ind. 420; Ford v. Booker, 53 Ind. 395; Clare v. State, 68 Ind. 17; Brocaw v. Board of Commissioners, 73 Ind. 543; Lawson v. DeBolt, 78 Ind. 563; McIntyre v. Marine, 93 Ind. 199; Feibleman v. State, 98 Ind. 518; Hall v. Craig, 125 Ind. 529; Wall v. Garrison, 11 Colo. 515; Stingle v. Nevel, 9 Ore. 62. Consequently, when the General Assembly, in 1896, undertook to amend the act of August 14, 1872, by striking therefrom the word "town" wherever it occurred and inserting in its stead the word "city," the lawmaking power really accomplished nothing. To all intents and purposes this act of 1872 had, in the year 1896, no more vitality as a legislative enactment than if it had never in fact appeared upon the statute book. At that time the only act of incorporation which was capable of being amended was that of February 5, 1873, whereby a

new charter was granted to the town of Jefferson, to take the place of that granted August 23, 1872. That act did not recognize as operative, or attempt to amend, the act of August 14, 1872, which, by necessary implication, had been repealed by the act of August 23, passed in that year. On the contrary, the act last referred to was recognized as being of force and as having superseded the act of August 14. Indeed, the act of 1873 contains the following express recital as to its intent and the purpose thereby sought to be accomplished : " Whereas, at the last session of this General Assembly, two acts were passed incorporating the town of Jefferson, in the county of Jackson; and whereas, the act approved August 23d, 1872, repeals the act of August 14th, 1872, which is contrary to the wishes of the people of said town of Jefferson," be it enacted, etc., that the act "approved August 23d, 1872, be and the same is hereby repealed ; and the act incorporating said town, approved August 14th, 1872, is hereby re-enacted." The legislative will is thus clearly shown to have been to get rid of an existing statute and, by express enactment, to adopt the provisions of a pre-existing act which, contrary to the wishes of the good people of Jefferson, had been rendered inoperative by ill-advised and superfluous legislation. To in this manner re-enact the provisions of a statute recognized as no longer having vitality is not only eminently proper, but is quite a different thing from totally ignoring a statute of force and attempting to amend an act which was thereby, either expressly or by necessary implication, repealed.

In view of what has just been said, the conclusion is, we think, irresistible that the above-mentioned act of 1896 should be treated as a mere nullity. That act, it is true, both in its title and in the body thereof, proposed to amend all amendments of the act of August 14, 1872; but in point of fact no attempt was made to do more than to strike from the act of August 14 the word "town" wherever it occurred in that act, and to substitute therefor the word "city." In other words, the General Assembly, wholly ignoring the act of February 5, 1873, simply undertook to amend an act previously passed which no longer had any existence, force or effect. It necessarily follows that when the act of 1897, to establish the city court, was passed, there was, though this act declared that this tribunal should be located in the "city of Jefferson," no incorporated city of that name in Jackson county. The mere fact that the

act declared that the court should be located in "the city of Jefferson" did not, of course, have the effect of incorporating Jefferson as a city; and while it was within the constitutional power of the General Assembly to create the court established by this act, and style the same a "city" court, it was without power to provide for a direct bill of exceptions from that court to the Supreme Court. *Savannah, Florida & Western Ry. Co.* v. *Jordan,* 113 *Ga.* 687. Accordingly, we are without jurisdiction to entertain the present writ of error. It is proper to add that when this court had under consideration the case of *Welborne* v. *State,* 114 *Ga.* 793, and the other cases mentioned on page 796 (including the case now before us), and was undertaking to deal with the question of its jurisdiction over writs of error from the courts in which those cases originated, its attention was not called to the confused state of the legislation respecting the incorporation of Jefferson. Had this been done, the city court of Jefferson would not have been classed among those whose judgments can be properly reviewed by this court upon a direct bill of exceptions.

*Writ of error dismissed. All the Justices concurring, except Lewis J., absent.*