## 11022.   HARDY v. THE STATE.

" When a revising statute covers the whole subject-matter of antecedent statutes, it virtually repeals the former enactments, without any express provision to that effect.   Where some parts of the revised statute are omitted in the new law, they are not, in general, to be regarded as left in operation if it clearly appears to have been the intention of the legislature to cover the whole subject by the revision."

(a) It was the evident intent of the legislature that section 10 of the act of 1915 (Ga. L. Ex. Sess. 1915, p. 112) should be exhaustive of the entire subject of regulating the speed of all auto-vehicles and automobiles, and should operate as a substitute for section 5 of the act of 1910 (Ga. L. 1910, p. 92).

DECIDED MAY 11, 1920.

Conviction of manslaughter; from city court of Floyd county — Judge Nunnally.   October 20, 1919.

*Denny & Wright,* for plaintiff in error.

*J. F. Kelly, solicitor,* contra.

BLOODWORTH, J.   The accusation contains two counts, but, as there was an acquittal under the first count, this discussion will be confined to the second, which charges that the accused did " operate and drive a certain automobile upon and over a public highway in said county, to wit, the Summerville public road, and at a point on said Summerville public road where said road intersects the Texas Valley public road in said State and county, at a greater rate of speed than ten miles per hour."   The defendant demurred to the second count of the accusation, as follows: " First: Said count sets forth no cause of action against this defendant. Second: Because no crime in this State is charged in said count, and there is no crime in this State of operating an automobile by intersecting roads at a greater rate of speed than ten miles per hour."   This demurrer was overruled and the defendant excepted.

The only question for our determination is:   Does the act of 1915 repeal that portion of the act of 1910 which relates to the speed of automobiles at intersecting roads?   We think it does.   It was the evident intent of the legislature that section 10 of the act of 1915 (Ga. L. Ex. Sess. 1915, p. 112) should be exhaustive of the entire subject of regulating the speed of all auto-vehicles and automobiles, and should operate as a substitute for section 5 of the act of 1910 (Ga. L. 1910, p. 92).   Section 5 of the act of 1910 is as follows: "That no person shall operate a machine on any of

the highways of this State as described in this act at a rate of speed greater than is reasonable and proper, having regard to the traffic and use of such highway, or so as to endanger the life or limb of any person or the safety of any property, and upon approaching a bridge, dam, high embankment, sharp curve, descent or crossing of intersecting highways and railroad crossings,. the person operating a machine shall have it under control and operate it at a speed not greater than six miles per hour." Section 10 of the Act of 1915 is in part as follows: "No person shall operate a motor-vehicle or a motor-cycle upon any public street or highway at a speed greater than is reasonable and safe, not to exceed a speed of thirty miles per hour, having due regard for the width, grade, character, traffic and common use of such street or highway; or so as to endanger life, limb, or property in any respect whatever. Upon approaching any bridge, railroad-crossing, dam, sharp curve, dugway or deep descent, or in traversing such bridge, railroad-crossing, dam, curve, dugway or descent, the operator of a motor-vehicle or motorcycle shall at all times have said vehicle under immediate control, and shall not operate said vehicle at a greater speed than ten miles per hour."

It will be noted that section 5 above referred to embraces "high embankments" and "intersecting highways," and fixes the rate of speed at "not greater than six miles per hour," while these places are not mentioned in section 10 of the act of 1915, which names "dugway" (which is not in the act of 1910), and fixes the rate of speed at "not greater than ten miles per hour." In *Butner* v. *Boifeuillet,* 100 *Ga.* 743 (28 S. E. 464), Justice Atkinson (p. 750) quoted from the case of Butler *v.* Russel, 3 Clifford, 251, in which Justice Clifford of the Supreme Court of the United States, presiding on the circuit bench, laid down the following rule: "Where the provisions of the old statute are revised in the later enactment, and where the later statute was intended to prescribe the only rules upon the subject, the subsequent is held to repeal the former statute. When a revising statute covers the whole subject-matter of antecedent statutes, it virtually repeals the former enactments, without any express provision to that effect. Where some parts of the revised statute are omitted in the new law, they are not, in general, to be regarded as left in operation if it clearly appear to have been the intention of the legislature to cover the

whole subject by the revision. In *Johnson* v. *Southern Mutual Building and Loan Asso.*, 97 *Ga.* 622 (25 S. E. 358), Chief Justice Simmons said: "Repeals by implication, however, are not favored; and it is only in so far as a statute is clearly repugnant to a former statute, and so irreconcilably inconsistent with it that the two cannot stand together, *or is manifestly intended to cover the subject-matter of the former and operate as a substitute for it* [italics ours], that such a repeal will be held to result." In *Horn* v. *State,* 114 *Ga.* 510 (40 S. E. 769), Chief Justice Simmons thus states the principle: "The rule as to repeal by implication is, in such cases, so far as we can ascertain from the authorities, that when the legislature intends to revise a former act or charter or to deal exhaustively with the subject of all or a part of the original act, and a portion of the original act is left out, such omitted portion is repealed by implication." See also *Miller* v. *Southwestern Railroad Co.,* 55 *Ga.* 143; *Kennedy* v. *McCardel,* 88 *Ga.* 454 (14 S. E. 710); *Gress Lumber Co.* v. *Coody,* 99 *Ga.* 778 (27 S. E. 169); *Jones* v. *Stokes,* 145 *Ga.* 749 (89 S. E. 1078), and cit.

Applying the principle announced in the foregoing decisions, we hold that the judge erred in overruling the demurrer; and this rendered the subsequent proceedings nugatory.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*