## PEACOCK *v.* LARSEN.

No. 10185. JANUARY 16, 1935. ON REHEARING, MARCH 2, 1935.

*Carl K. Nelson, A. L. Hatcher, Blackshear & Blackshear,* and *Harry L. Taylor,* for plaintiff.

*C. C. Crockett* and *R. Earl Camp,* for defendant.

ATKINSON, Justice. 1. An act approved August 22, 1905 (Ga. L. 1905, pp. 792-814), was entitled: "An act to create a new charter for the City of Dublin, in the County of Laurens, and to consolidate and declare the rights and powers of said corporation; and for other purposes." The act contained 75 sections. In section 1 it was declared: "That from and after the passage of this act, that the municipal government of the City of Dublin shall consist of a mayor and seven aldermen, who are hereby constituted a body corporate under the name and style of the Mayor and Council of the City of Dublin, and by that name shall have perpetual succession, shall have a common seal, and be capable in law and equity to purchase, have and to hold, receive and enjoy, possess and retain to them and their successors, for the use of the City of Dublin, any estate or estates, real or personal, of whatever kind or nature, within or without jurisdictional limits of the City of Dublin, and shall by said name be capable to sue and be sued in any court of law and equity in this State, *and shall succeed to the rights and liabilities of the present corporation of the City of Dublin."* (Italics ours.) The succeeding sections refer to matters that are usual and appropriate for municipal government, and do not purport to be amendatory of any previous act. In section 37 it was declared that "there shall be . . a city attorney." In section 41 it was declared:

"That the mayor and council shall have authority by ordinance to prescribe the duties of the city attorney, city sexton, and city engineer, and the other officers of the city whose duties are not herein prescribed, to fix their salaries and prescribe their bond for the faithful performance of their duties when deemed necessary. They shall require an oath of office from all these officers." There was no provision on the subject of residence of the city attorney or other qualifications of persons to hold that office. In section 75 it was declared that "all laws and parts of laws in conflict with this act be and the same are hereby repealed." There were no other words of repeal and no express repeal of the former act of 1893 (Ga. L. 1893, p. 210), hereinafter mentioned. *Held,* that this act was the creation of a new charter for the City of Dublin, and necessarily repealed the act approved December 9, 1893 (Ga. L. 1893, p. 210), entitled "An act to repeal 'an act to incorporate the Town of Dublin in the County of Laurens,' approved September the 17th, 1883; to reincorporate said Town of Dublin as the City of Dublin, and to prescribe its limits; to provide for a mayor and councilmen and other officers, and prescribe their powers and duties; to fully declare and define the police powers of said city, and for other purposes." *Butner* v. *Boifeuillet,* 100 *Ga.* 743 (28 S. E. 464); *Mattox* v. *State,* 115 *Ga.* 212 (41 S. E. 709); *Lampkin* v. *Pike,* 115 *Ga.* 827 (42 S. E. 213, 90 Am. St. R. 153); *Brackett* v. *Arp,* 156 *Ga.* 160 (118 S. E. 651).

(*a*) This comports with the principle stated in *Horn* v. *State,* 114 *Ga.* 509 (40 S. E. 768), "that when the legislature intends to revise a former act or charter or to deal exhaustively with the subject of all or a part of the original act, and a portion of the original act is left out, such omitted portion is repealed by implication."

(*b*) The former charter of 1893 having been repealed, the provision in section 5 thereof, relating to qualifications as to persons entitled to hold the office of city attorney, was also repealed and rendered void.

2. An act approved August 15, 1910 (Ga. L. 1910, pp. 618-659), was entitled: "An act to create a new charter for the City of Dublin in the County of Laurens, and to reincorporate said city and define its territorial limits, to continue in operation, confirm, and consolidate all acts heretofore passed incorporating said city and amending the charter thereof," etc. This act contained 80 sections and

purported to be a complete and comprehensive municipal charter. In section 36 it was declared that "there shall be . . a city attorney." In section 40 it was declared "that the mayor and aldermen shall have authority by ordinance to prescribe the duties of city attorney, city sexton, and city engineer, and all other officers of the city whose duties are not herein prescribed, to fix their salaries and the amount of bond they shall give for the faithful performance of their duties, and prescribe the oath to be taken by them." There was no provision on the subject of the residence of the city attorney or other qualifications of persons to hold that office. In section 79 it was declared "that the act of the General Assembly approved December 9th, 1893; the act of the General Assembly approved December 18th, 1901; the act of the General Assembly approved August 22nd, 1905;·the act of the General Assembly approved August 11th, 1908; and the act of the General Assembly approved August 14th, 1909; except such part or parts thereof as may be in conflict with this act, be and they are hereby continued in operation, confirmed, and consolidated with and made a part of this act." In section 80 it was declared "that all laws and parts of laws in conflict with this act be and the same are hereby repealed." *Held*:

(*a*) "While the General Assembly has full power to amend its legislative enactments, an amendatory act, to be valid as such, must relate to an existing statute, and not to one which, having been repealed, is wholly inoperative." *Lampkin* v. *Pike*, supra.

(*b*) Section 79 of the act of 1910 was in effect an effort to amend a repealed statute, and was ineffective for that purpose.

3. Under the provisions of the new charter of the City of Dublin of 1910, it is not essential that the city attorney shall be a resident of the city or shall be a qualified voter. See *Beazley* v. *Lunceford* 178 *Ga.* 683 (173 S. E. 852). The court did not err in sustaining the general demurrer to the petition for quo warranto, and in entering a final order refusing a rule absolute.

*Judgment affirmed. All the Justices concur, ·except Gilbert, J., who dissents.*

### ON REHEARING.

A decision was rendered in this case on January 16, 1935, reversing the judgment of the trial court. On rehearing the opinion then delivered is withdrawn, and the foregoing opinion is substituted.