44563. GRIFFIN v. THOMAS, Administratrix.

44564. BROWN v. THOMAS, Administratrix.

ARGUED JULY 7, 1969—DECIDED SEPTEMBER 23, 1969.

*Ross & Finch, Charles E. McCranie,* for appellants.

*Russell & McWhorter, Richard B. Russell, III, Smith, Cohen, Ringel, Kohler, Martin & Lowe, H. A. Stephens, Jr.,* for appellee.

PER CURIAM. The present cases are actions brought by residents of the State of Pennsylvania against another resident of the State of Pennsylvania seeking recovery of damages against the defendant as the result of a collision on the highways of this State. The actions were brought and service was had under our Nonresident Motorists' Act (Ga. L. 1937, p. 732, et seq., as amended; *Code Ann.* § 68-803). A motion to quash and vacate the service of summons was made in both cases on the following grounds: "(a) Defendant has not been served with summons herein in a manner and form contemplated by the laws of the State of Georgia, and she should not therefore be held and required to plead herein; (b) Both plaintiff and defendant are residents of the State of Pennsylvania and neither plaintiff nor defendant is a resident of the State of Georgia or of Barrow County in which this action is pending and, therefore, this court is without jurisdiction to entertain this action or to issue a summons directing this defendant to appear herein; (c) Plaintiff, being a nonresident of the State of Georgia, is not entitled to utilize substituted service under the provisions of the Nonresident Motorists' Act of Georgia (Georgia Code Section 68-801 et seq.) and as such nonresident plaintiff is not a person contemplated by and falling within the purview

of said statute; and (d) The Nonresident Motorists' Act of Georgia (Code Section 68-801 et seq.) was adopted for the sole benefit and is intended for the exclusive use, of residents of the State of Georgia, and may not be employed by one resident of the State of Pennsylvania against another resident of the State of Pennsylvania to secure trial and adjudication of a controversy between them in a state of which neither is a citizen or resident." The trial judge sustained the motions to quash and the plaintiffs appealed. *Held:*

1. The questions raised have been decided favorably to the appellant by the Supreme Court of this State in *Wade v. Hopper,* 209 Ga. 802 (1, 2) (76 SE2d 403) and in that same case in this court (*Wade v. Hopper,* 89 Ga. App. 87, 89 (1) (78 SE2d 809)). It appears therefore that the plaintiffs in the present case were entitled to proceed under the Nonresident Motorists' Act and have service made thereunder even though they were nonresidents of this State.

2. We do not deem it improper to add that even if the original Act of 1937 had not given a nonresident such a right, a nonresident does have such right under the Act of 1937 as amended. The Act of 1947 made provision for an action to be brought by a nonresident plaintiff against the nonresident user of our highways in the county in which the injury occurred. However, it appears that the Act of 1947 sought to repeal Section 68-803 of the Code of Georgia of 1933, when no such section existed, and made no reference to the Act of 1937. Section 3 of the Act of 1937 was codified as Section 68-803 of the publication of the Harrison Company entitled "Georgia Code Annotated." The 1947 Act attempted to make changes by providing that "if the plaintiff in such suit is a nonresident of the State of Georgia, then in that event such suit shall be brought in the county in this State in which the accident or injury occurred or the cause of action originated. . ." There can be little question that the Act of 1947 was abortive and of no effect since it attempted to amend a nonexistent section of the Code of 1933. See in this connection CTC *Finance Corp. v. Holden,* 221 Ga. 809, 811 (147 SE2d 427). However, this abortive attempt was cured by the Act of 1955 (Ga. L. 1955, p. 650)

which amended Section 3 of the Act of 1937, as amended by the Act of 1947, by adding certain language thereto "so that said section, when so amended shall read as follows: . . ." What follows included the changes attempted to be made by the Act of 1947, as well as the additional language added by the Act of 1955. "When a statute or section of the Code to be amended is recited in the statute in its amended shape, and it is in express terms declared therein that when amended the old law shall read in a certain way, this declaration by the General Assembly, being the last expression of its intention as to what shall be the law of the State, absolutely controls where any conflict arises as to matter contained in this declaration of what the law shall be and what is set forth in the first part of the amending statute as declaratory of the legislative intention." *Atlanta &c. Casket Co. v. Mosby Truck Service*, 107 Ga. App. 677, 680 (131 SE2d 590). This case dealt with the identical Act but with different language. Accordingly, the Act of 1955 successfully and legally made the changes expressly providing for the bringing of a suit by a nonresident plaintiff under the Nonresident Motorists' Act. The judgment of the trial judge quashing the service made upon the defendant under the Nonresident Motorists' Act must be reversed.

*Judgment reversed. Bell, C. J., Jordan, P. J., Hall, P. J., Eberhardt, Deen and Quillian, JJ., concur. Pannell and Whitman, JJ., dissent. Evans, J., not participating.*

PANNELL, Judge, dissenting. The present appeals are from orders of the trial judge which did not finally dispose of the cases but merely quashed the service of summons. The certificate required under such circumstances is that the trial judge certify "that such order, decision or judgment is of such importance to the case that immediate review should be had." Section 1 of the Act approved April 8, 1968 (Ga. L. 1968, p. 1072; *Code Ann.* § 6-701, subparagraph (2)). We have no such certificate here. Nor do we have one which can be construed as being intended to be a certificate for the review of such an order. The certificate here is predicated entirely upon statutes relating to certificates for review of a denial of a motion for summary judgment, which merely required a certif-

icate of the trial judge that the order "should be subject to review," and is specifically given under the statute. Both certificates read as follows: "Pursuant to the provisions of Georgia Laws 1966, pp. 609, 660; 1967, pp. 226, 238 (Ga. Code Ann., Sec. 81A-156 (h)), the foregoing order sustaining the motion of defendant, Barbara J. Thomas, administratrix of the estate of Joseph David Thomas, Jr., deceased, is certified to be subject to review by direct appeal." The trial judge not certifying that such order, decision or judgment is of such importance to the case that immediate review should be had, the case should be dismissed. I, therefore, dissent for the same reasons given in *Hodge v. Dixon,* 119 Ga. App. 397 (167 SE2d 377).