## 47695. BERRY v. SISKIN et al.

CLARK, Judge. This appeal involves a dismissal by the trial court of a case in which no written order had been taken for a period of more than five years. Appellant's attorney acknowledges the suit was governed by the automatic dismissal provisions of Code Ann. § 3-512 as of the date it was filed on April 13, 1966. He argues, however, that inclusion of this section among those sections designated in the blanket specific repealer section in the Civil Practice Act of 1966 where it appears as § 81A-201 (c) created a new five-year period despite the simultaneous re-enactment of its provisions as § 81A-141 (e). He contends repeal of the old and re-enactment of the new had the effect of giving his case five additional years of life measured from the Civil Practice Act effective date of September 1, 1967.

1. We disagree with this contention that the Civil Practice Act thus created a new five-year period for pending actions. Where there is a simultaneous repeal in the same statute which contains a re-enactment the

cases have ruled that there is no termination of the old law. "It has often been held that where one statute expressly declares that an existing statute is repealed, and, at the same time, re-enacts its provisions, or declares that a portion of another statute is repealed and re-enacts such portion thereof, the re-enactment neutralizes the repeal, so far as the old law is continued in force. The old law operates without interruption where the re-enactment takes effect at the same time as the repeal." *Sayer v. Brown,* 119 Ga. 539, 546 (46 SE 649). The most recent approval of this principle is repetition of this quotation in *Webb v. Echols,* 211 Ga. 724, 727 (88 SE2d 625).

2. Furthermore, the five-year rule as it appears in the Civil Practice Act is not limited to prospective application. In fact the Civil Practice Act provides expressly for its retroactive application to pending cases as it does not take away or impair any vested right nor impose any new duty or liability and therefore comes within the saving provision contained in § 81A-186 (b). Remembering that our Civil Practice Act is remedial and procedural we quote from the early full-bench decision of *Searcy v. Stubbs,* 12 Ga. 437, 439; " Remedial statutes are not inoperative, although of a retrospective nature, provided they do not impair contracts, *and only go to confirm rights already existing, and in furtherance of the remedy, by curing defects and adding to the means of enforcing existing obligations. "* (Emphasis in original opinion.) "A law which merely alters procedure may, with perfect propriety, be made applicable to past as well as future transactions. . . No person has a vested right in any course of procedure, nor in the power of delaying justice, nor of deriving benefit from technical and formal matters of pleading." *Pritchard v. Savannah St. &c. R. Co.,* 87 Ga. 294, 299 (13 SE 493, 14 LRA 721), and cit. For similar statements see *Darby v. Cook,* 201 Ga.

309, 311 (39 SE2d 665) and *Studstill v. Aetna Casualty &c. Co.,* 101 Ga. App. 766 (1) (115 SE2d 374).

3. Both counsel in this case argued at length the impact of the statute which appears in Ga. L. 1967, p. 557. In placing Section 1 of this 1967 statute in the 1972 cumulative pocket part of the Annotated Code as § 3-512, the editors considered the chronology of the various statutes and concluded "the effect is not clear." The editors undoubtedly were unaware of or overlooked the case of *State Highway Dept. v. Noble,* 220 Ga. 410 (139 SE2d 318). There our Supreme Court ruled this five-year rule not applicable to an appeal pending in the superior court from an award of assessors in a condemnation proceeding. It was to correct the situation created by this decision that the General Assembly passed its 1967 legislation so as to include condemnation proceedings within this salutary five-year dismissal rule. A reading of the statute makes clear the intent of the lawmakers. In Section 1 it recognized that the 1953 Act which established the five-year automatic dismissal was still in effect by an express repealer and then inclusion in the new statute of the same verbiage to which was added that it applied to condemnation proceedings. Section 2 then provided for the date on pending condemnations from which the five-year period was to be computed. The clincher that clearly establishes the legislative intent is in Section 3 that the provisions of this Act "shall not be construed as extending beyond a total of five years, any suit, action or other proceedings in which no written order has been taken and upon which the five-year period is now running."

We are satisfied our lawmakers have thus clearly expressed their intention because of the value of this rule towards clearing dockets and their knowledge of the views expressed in *Swint v. Smith,* 219 Ga. 532 (134 SE2d 595). There our Supreme Court said the statute

"has at least a dual purpose of preventing court records from becoming cluttered by unresolved and inactive litigation and protecting litigants from dilatory counsel" and that "enactment of section 3-512 is a declaration of the General Assembly that it is in the public interest to remove from court records litigation which has been inactive for a period of five years." Confirmatory of the necessity for enforcement of this automatic dismissal rule is shown in the record here where it became necessary for counsel to stipulate for copies of the 1966 pleadings to be used in lieu of the originals which could not be located in the court clerk's office.

4. Appellant also contends our automatic dismissal is violative of the due process provisions of the Federal and State Constitutions because of lack of notice and opportunity for hearing. This contention is not applicable here where the trial judge had first entered dismissal in conformity with the automatic feature of our statute and then vacated the same so as to give appellant a hearing on his motion to set aside the judgment. The instant appeal is from the second dismissal.

Although we thus do not need to consider constitutionality we deem it appropriate to mention the famous Chatham County case involving the 1865 failure of the Planters Bank of Georgia which appears as Terry v. Anderson, 95 U. S. 628 (24 LE 365). Explaining this Georgia precedent many years later counsel then argued to the U. S. Supreme Court language aptly fitted to our five-year rule: "If a claimant has a remedy provided by law under which he can assert his claim within a reasonable time, then he has his day in court. If he fails to assert it within such time, then he, not the law, is at fault. He has sinned away his day of grace." (Quoted from 61 LE 127,

dealing with O'Neil v. Northern Colorado Irrigation Co., 242 U. S. 20 (37 SC 7, 61 LE 123)).

See also *Covil v. Stansell,* 113 Ga. App. 179 (147 SE2d 479), where our court ruled a plaintiff under Code Ann. § 3-808 may re-file an action within six months following such an automatic dismissal where the original action was not barred by the statute of limitation.

*Judgment affirmed. Hall, P. J., and Evans, J., concur.*

ARGUED JANUARY 4, 1973 — DECIDED JANUARY 26, 1973.

*John H. Ruffin, Jr.,* for appellant.
*Maurice Steinberg, Robert A. Persky,* for appellees.