48250. STATE HIGHWAY DEPARTMENT v. UNION OIL COMPANY.

EBERHARDT, Presiding Judge. On September 21, 1966, the State Highway Department filed a condemnation proceeding against described land and a slope easement, and Mrs. Roselle Turner, who was then owner. Under a declaration of taking the condemnor paid into the registry of the court the appraised value of the land, a judgment condemning the land was entered, vesting title in the condemnor, and it went into possession. The

condemnee appealed to the superior court October 12, 1966. An order disbursing to the condemnee the money which had been paid into the registry of the court was entered February 7, 1967. No other written order was entered until Union Oil Company acquired the condemnee's interest in the property and was substituted as the condemnee November 20, 1972.

The Highway Department then moved that the proceeding be declared "legally dead" under the statute providing for automatic dismissal of suits wherein no written order has been made or entered within five years. The motion was denied and the State Highway Department appeals. *Held:*

1. The five-year rule came into existence with the enactment of Ga. L. 1953, Nov. Sess., pp. 342, 343 (Code Ann. § 3-512). In this Act it was provided that "any suit filed in any of the courts of this State in which no written order is taken for a period of five years the same shall automatically stand dismissed with costs to be taxed against the party plaintiff."

In 1964 the case of *State Hwy. Dept. v. Noble,* 220 Ga. 410 (139 SE2d 318) was decided by the Supreme Court, holding that the word "suit" in this statute did not include a condemnation proceeding, since it was not a "suit." Thereafter the Act of 1953 was amended in 1967 (Ga. L. 1967, pp. 557, 558), so that, as amended, the statute read "Any suit, action, or other proceeding filed in any of the courts of this state," etc. shall automatically stand dismissed if no written order is entered therein for a period of five years.

The statute, as thus amended, was specifically repealed by the enactment of the Civil Practice Act (Ga. L. 1966, p. 609 et seq.) and simultaneously there was enacted § 41 (e) of that Act (Code Ann. § 81A-141 (e)), providing that "Any *suit* in which no written order is taken for a period of five years shall automatically stand dismissed," etc. (Emphasis supplied).

Appellant asserts that the holding in *Noble* "was based upon an erroneous construction of the statute and an erroneous determination of legislative intent," and points to the amendment of 1967 for support of this assertion. It is apparent that the General Assembly expressed a different intent in the amending of the Act to include "proceedings," along with suits as subject to its provisions, but how can we say that it had not changed its mind again and reverted to the original position when it specifically repealed the 1953 Act, as amended in 1967, and then enacted a statute in the same language which it had

originally used in 1953?

We must presume that the General Assembly knew of the *Noble* decision. Indeed, it so demonstrated when in 1967 it amended the 1953 Act. But we cannot assume that it had forgotten about *Noble* when it repealed the Act of 1953, as thus amended, and then reenacted the statute in the original language of 1953. It must have known of the definition which the court had given to the word "suit" and thus have intended that the statute mean what the Supreme Court had said that it meant.

In any event, we are bound to follow the decision of the Supreme Court, absent some clear legislative action to the contrary, and we find none. Const. Art. VI, Sec. II, Par. VIII (Code Ann. § 2-3708); *Mutual Federal Savings &c. Assn. v. Campbell Coal Co.,* 105 Ga. App. 185 (123 SE2d 925).

A different result is not indicated by *Berry v. Siskin,* 128 Ga. App. 3 (195 SE2d 255), which dealt with the problem of whether the repeal and re-enactment of the automatic dismissal statute by adoption of the Civil Practice Act resulted in the starting of a new five year period relative to a common law action. We held that it did not.

*Judgment affirmed. Pannell and Quillian, JJ., concur. Stolz, J., disqualified.*

ARGUED JUNE 1, 1973 — DECIDED SEPTEMBER 10, 1973.

*Arthur K. Bolton, Attorney General, Marion O. Gordon, G. Thomas Davis, Assistant Attorneys General,* for appellant.

*Candler, Cox & Andrews, Edward Andrews,* for appellee.