## 56097. DEHCO, INC. v. STATE HIGHWAY DEPARTMENT.

BELL, Chief Judge.

In this condemnation proceeding which was commenced in May of 1966, an order of continuance was entered on July 15, 1969. The next order was entered on March 2, 1978, in which the trial court held that the case had been dismissed by operation of law, as no written order had been entered for a period in excess of five years.

The condemnee has appealed. *Held:*

In *State Hwy. Dept. v. Union Oil Co.,* 129 Ga. App. 596 (200 SE2d 301), we held that the five-year automatic dismissal rule in Code Ann. § 3-512 which, as amended, expressly applied to a condemnation proceeding, had been repealed by the Civil Practice Act; and that the five-year rule contained in CPA § 41 (e) (Code Ann. § 81A-141 (e)) did not apply to a condemnation proceeding. The date of decision was September 10, 1973. In *Fulton County v. Latter Day Saints,* 133 Ga. App. 847 (212 SE2d 451), decided January 7, 1975, we concluded that the holding in *Union Oil* was erroneous and we specifically overruled it by holding that Code Ann. § 3-512, as amended, had not been repealed. The appellant makes the argument that on July 16, 1974, (the date on which five years had elapsed since the last written order), the status of the law was that Code Ann. § 3-512 was not applicable; and the subsequent *Fulton County* holding would constitute an unconstitutional retroactive application of Code Ann. § 3-512. The overruling of a former judicial decision is retrospective in its operation and the effect is not that the former decision was bad law, but that it was never the law. *Mutual Life Ins. Co. of N. Y. v. Barron,* 70 Ga. App. 454, 463 (28 SE2d 334). There is an exception to this general rule of retrospective application. Where constitutional or statutory law has been construed by the appellate courts and contracts have been made and vested rights acquired in accordance with the construction of the law, retrospective application will not be made. *Mutual Life Ins. Co. of N. Y. v. Barron,* supra. This exception does not apply here, as no construction of a statute was involved. The erroneous ruling in *Union Oil* does not change the legal fact that the statute was in effect from its enactment and caused the automatic dismissal of this case by operation of law.

*Judgment affirmed. Shulman and Birdsong, JJ., concur.*

ARGUED JUNE 26, 1978 — DECIDED SEPTEMBER 12, 1978 — REHEARING DENIED OCTOBER 12, 1978 —

*Haas, Holland, Levison & Gibert, Richard N. Hubert, J. Don Jones,* for appellant.

*Flournoy, Evans & Sepak, Charles A. Evans,* for appellee.