70112. WEST et al. v. DEPARTMENT OF TRANSPORTATION.
(330 SE2d 803)

DEEN, Presiding Judge.

On February 21, 1978, the Department of Transportation (DOT) commenced a condemnation proceeding to acquire a right-of-way and necessary easements on certain property located in Fulton and DeKalb Counties. The appellant, Thomas B. West, as executor for the estate of and as trustee under the will of Mrs. W. M. Meyer, was named as one of nine condemnees. On March 10, 1978, being dissatisfied with the amount of compensation offered by DOT, the appellant (and three other condemnees) appealed to the superior court for a jury trial.

On February 8, 1982, the superior court granted Thomas West a leave of absence from March 5, 1982, through April 12, 1982, "in respect of all matters in which he is engaged as counsel or otherwise." No cases in which West was involved were identified. The order granting the leave of absence was styled simply "In Re: Thomas B. West, Esquire, Attorney," and, although recorded in the minutes of the court, it was not filed in the case. West did mail a copy of the order to counsel for DOT.

On April 13, 1984, DOT filed a motion to dismiss the case pursuant to OCGA § 9-11-41 (e), on the basis that no written order had been taken in the case for a period of five years. West appeals from the trial court's grant of that motion on October 16, 1984. *Held*:

OCGA § 9-11-41 (e) provides that "[a]ny action in which no written order is taken for a period of five years shall automatically stand dismissed . . . For the purposes of this Code section, an order of continuance will be deemed an order." In order to avoid such automatic dismissal of his case, a plaintiff must obtain a written order within 5 years and make sure that it is entered in the record. *Swint v. Smith*, 219 Ga. 532 (134 SE2d 595) (1964); *Ga. Power Co. v. Whitmire*, 146 Ga. App. 29 (245 SE2d 324) (1978); *Milam v. Mojonnier Bros. Co.*, 135 Ga. App. 208 (217 SE2d 355) (1975).

In this case, the appellant contends that the leave of absence granted on February 8, 1982, sufficed to avoid operation of OCGA § 9-11-41 (e). However, it was uncontroverted that the order failed to identify the case at bar and that it was never entered in the record. Under these circumstances, notwithstanding the fact that the order was filed in the minutes of the superior court, we conclude that no written order was *taken in this case* for the purposes of OCGA § 9-11-41 (e). Accordingly, the trial court properly dismissed the action.

*Judgment affirmed. Pope, J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I agree with the opinion and simply wish to point out the following.

Appellant has filed a supplemental brief contending that the five-year dismissal rule does not apply to this case involving an appeal from the amount estimated and deposited by DOT. While that question has had a see-saw history, the current law does not support him. See *Fulton County v. Corp. of Latter Day Saints*, 133 Ga. App. 847 (212 SE2d 451) (1975); *DEHCO, Inc. v. State Hwy. Dept.*, 147 Ga. App. 476 (249 SE2d 282) (1978). It applies.

He also contends that the record shows that the court *acted* on the order permitting the leave of absence. Yet there is nothing to show that the court either removed this case from the trial docket because of this order, or elected not to put it on the trial docket because of this order. Thus there was no acknowledgment by the court of the applicability of the order to *this* case. There was no "continuance" of this case, and thus there was no link between this case and the general order, insofar as action by the court is concerned.

DECIDED APRIL 17, 1985.

*Durwood T. Pye*, for appellants.

*John R. Strother, Jr., Beryl H. Weiner, J. Matthew Dwyer, Jr., Special Assistant Attorneys General, James S. S. Howell*, for appellee.